ture insurance, but cannot restore a vacation which is impossible by passage of time.

The motion of plaintiffs to vacate the judgment of March 27, 1947, and for leave to file an amended complaint will be denied. The amendment does not change the opinion of the Court as to the insufficiency of the complaint to sustain a judgment.

## MORRONE v. SOUTHERN PAC. CO.
### No. 6092.

District Court, S. D. California, C. D.
June 25, 1947.

See also 7 F.R.D. 214; 72 F.Supp. 286.

Culbert L. Olson and John W. Olson, both of Los Angeles, Cal., for plaintiff.

C. W. Cornell, O. O. Collins, Malcolm Archbald and John R. Allport, all of Los Angeles, Cal., for defendant.

O'CONNOR, District Judge.

The court has carefully considered the motion for a new trial filed by plaintiff in the above-entitled action in this court on May 22nd, 1947, and the briefs of attorneys and has further re-examined the instructions given by the court to the jury.

In the supplemental memorandum in opposition to motion for a new trial, filed by defendant's attorneys, the case of Cedzo v. Bergen, 53 Cal.App.2d 667, 128 P.2d 683, 688, decided in 1942, is cited, wherein the following language is quoted from the court's opinion: "As a general rule it is proper for the court to state to the jury the issues raised by the pleadings (24 Cal. Jur. 825) and it is also true that a party is estopped to assert error in an instruction requested * * * by an adversary if they merely invoke the same proposition which has been asserted by the party complaining (citing cases)".

This court is bound by the rulings of the Ninth Circuit Court of Appeals.

In Ballard v. United States, 9 Cir., 138 F.2d 540, at page 544, the Circuit Court quotes (paragraph 45) an instruction given by the trial Court. While the opinion does not state the fact, the record in the case shows that the defendants, prior to the trial, agreed to this instruction and twice during the trial, which was rather protracted, they requested the court to again advise the jury the substance of this instruction. The Circuit Court said that this was not a correct statement of the issues. It is clear, therefore, that, even an instruction requested by a party may be considered by the Circuit Court and found to be error. The instruction given by the court, in the cases cited, was subsequently found by the Supreme Court of the United States to be a correct statement of the law. United States v. Ballard, 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148.

The Government, in its brief to the Circuit Court, page 67, called the Court's attention to the fact that the particular instruction cited as error was brought to the attention of the defendants prior to the trial and, at the request of the defendants, it was repeated during the trial to the jury.

It is clear, therefore, that if the Circuit Court finds that, in its opinion, an instruction requested was erroneously given, the verdict may be set aside.

286

The Court finds that the evidence was sufficient to justify the verdict, and further the Court finds that there were no errors of law occurring at the trial.

Motion for new trial is denied, and exception allowed the plaintiffs.

## LOCCISANO et al. v. SOUTHERN PAC. CO.

### No. 6093.

District Court, S. D. California, C. D.
June 25, 1947.

See also 72 F.Supp. 285.

Culbert L. Olson and John W. Olson, both of Los Angeles, Cal., for plaintiffs.

C. W. Cornell, O. O. Collins, Malcolm Archbald and John R. Allport, all of Los Angeles, Cal., for defendant.

O'CONNOR, District Judge.

The court has carefully considered the motion for a new trial filed by plaintiff in the above-entitled action in this court on May 22nd, 1947, and the briefs of attorneys, and has further re-examined the instructions given by the court to the jury.

In the supplemental memorandum in opposition to motion for a new trial, filed by defendant's attorneys, the case of Cedzo v. Bergen, 53 Cal.App.2d 667, 128 P.2d 683, 688, decided in 1942, is cited, wherein the following language is quoted from the court's opinion: "As a general rule it is proper for the court to state to the jury the issues raised by the pleadings (24 Cal.Jur. 825) and it is also true that a party is estopped to assert error in an instruction requested * * * by an adversary if they merely invoke the same proposition which has been asserted by the party complaining (citing cases)".

This court is bound by the rulings of the Ninth Circuit Court of Appeals.

In Ballard v. United States, 9 Cir., 138 F.2d 540, at page 544, the Circuit Court quotes (paragraph 45) an instruction given by the trial Court. While the opinion does not state the fact, the record in the case shows that the defendants, prior to the trial, agreed to this instruction and twice during the trial, which was rather protracted, they requested the court to again advise the jury the substance of this instruction. The Circuit Court said that this was not a correct statement of the issues. It is clear, therefore, that, even an instruction requested by a party may be considered by the Circuit Court and found to be error. The instruction given by the court, in the case cited, was subsequently found by the Supreme Court of the United States to be a correct statement of the law. United States v. Ballard, 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148.

The Government, in its brief to the Circuit Court, page 67, called the Court's attention to the fact that the particular instruction cited as error was brought to the attention of the defendants prior to the trial and, at the request of the defendants, it was repeated during the trial to the jury.

It is clear, therefore, that if the Circuit Court finds that, in its opinion, an instruction requested was erroneously given, the verdict may be set aside.

The Court finds that the evidence was sufficient to justify the verdict, and further the Court finds that there were no errors of law occurring at the trial.

Motion for new trial is denied, and exception allowed the plaintiffs.